In the Matter of VERONICA FITZGERALD, as Administratrix of the Estate of GERALD J. DUSSING, Deceased, Respondent, against TOWN OF PORTVILLE, Appellant.

Fourth Department, March 14, 1951.

*William H. Stieglitz, Bernard Katzen* and *Harry Schechter* for appellant.

*Edward M. Horey* for respondent.

PIPER, J. The order appealed from awarded petitioner, since deceased, the sum of $1,500 " by reason of his permanent incapacity to perform his full duties as a volunteer fireman " pursuant to the provisions of paragraph b of subdivision Second of section 205 of the General Municipal Law and an additional $1,204 disability payments and $500 for medical and hospital expenses pursuant to subdivision Third of section 205 of that statute.

We think there is substantial evidence from which the court has found that petitioner was a member of Kinney Hose Company, a volunteer fire company in the town of Portville, Cattaraugus County, on July 7, 1949; that about 4:30 A.M. of that day the fire alarm sounded and awakened petitioner; that either while dressing, or on his way to his car to answer the alarm he suffered a heart attack; that a physician was called and he was sent to a hospital in Olean where he remained until August 29, 1949; that he then returned home and was confined to his bed for about four to six weeks; that he was unable to perform any work until January or February, 1950; that at the time of the hearing before the Cattaraugus County Judge, he was unable to perform the duties of a volunteer fireman; that the heart condition was permanent, at least to the extent that he would not be able to perform those duties in the future; that the disability was caused or induced in whole or in part in the performance of his duties as a volunteer fireman. As subdivision Second of section 205 of the statute prescribes no notice to the town as a condition precedent to an award under that subdivision, it follows that the award of $1,500 to petitioner was properly made.

As to the additional award of $1,204 for disability payments and $500 for medical and hospital expenses awarded petitioner under subdivision Third of the statute, we reach a different conclusion. That subdivision provides in part: "No such claim shall, however, be allowed, unless, within sixty days after receiving such injuries, written notice thereof be served by mail or otherwise on * * * the town clerk of the town * * * in which is maintained the fire department or fire company of which the claimant is a member or upon the clerk or fiscal officer of the municipality liable therefor."

Both petitioner and Holcomb, the town clerk, testified that the first written notice served by the petitioner on the town clerk was served on December 6, 1949, more than sixty days after the date of injury, and Holcomb also testified it was the only written notice served on him. He was told of the petitioner's heart attack a few days after July 7, 1949, and it was verbally reported to him a few weeks later by Charles Ganoung and William Handley and he, Holcomb, took notes of it and turned the notes over to the supervisor, Mr. Lawrence. The witness Ganoung testified that afer he reported verbally to Holcomb he went to the Olean office of the State Insurance Fund and advised that office of the petitioner's injury. He was later advised by someone in that office to write to the Buffalo

office, which he did and received a reply dated August 23, 1949, which acknowledged his letter and advised of receipt of a " C-2 " filed by the fire department, signed by R. G. Lawrence, Supervisor. There was also evidence that another letter was written to the Buffalo office of the State Insurance Fund, within the sixty-day period, by members of the fire company.

On this evidence the County Judge has found that the town clerk " had written notice of the claim * * * within Sixty (60) days after July 7, 1949 ". The record does not sustain this finding unless it can be said that the notes made by the town clerk when the injury was reported to him verbally constituted written notice. The record does not disclose what notes he made, and in any event, no written notice was " served " upon him. We reach the conclusion that these notes failed to meet the statutory requirement.

The service of a written notice on the town clerk is a condition precedent to any award under subdivision Third of section 205. The language is clear and unambiguous, and such notice must be given, as provided in the statute, before the petitioner is entitled to the statutory benefits under this subdivision. The town officers cannot waive the requirement and thus create a liability against the town. Written notice given to an insurance carrier does not constitute notice to the town clerk as required by the statute.

The order should be modified by striking out any and all awards under subdivision Third of section 205 of the General Municipal Law, and as modified, affirmed.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order modified on the law and facts in accordance with the opinion and as modified, affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed.