■ In the Matter of the Claim of VERONICA F. BRUNDAGE, as Administratrix D. B. N. of the Estate of GERALD DURRING, Deceased, Appellant, against WESTONS MILLS VOLUNTEER FIRE DEPARTMENT et al., Respondents. WORK-

MEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision and award of the Workmen's Compensation Board. The decedent, a volunteer fireman, on July 7, 1949, in attempting to answer a fire alarm, sustained a heart attack which completely disabled him until his death on November 22, 1950. A referee's award of $2,298.67 for total disability benefits was reviewed by the board at the instance of the carrier, which asserted that the sum of $1,500 recovered in a County Court proceeding (*Matter of Fitzgerald [Dussing]* v. *Town of Portville,* 278 App. Div. 57) brought pursuant to section 205 of the General Municipal Law should have been credited against the award. By decision of December 10, 1952, the board modified the prior decision and award by allowing such credit. Claimant took no appeal at that time but her attorney filed with the board his affidavit of December 17, 1952 setting forth in detail the legal services rendered by him and requesting that the amount of $250 allowed by the decision and award for his fee be increased by $150 to cover his services in connection with the board's review above referred to, the affidavit further requesting that the carrier be charged with the amount disbursed for a copy of the record in the County Court proceeding which had been furnished the hearing examiner. On March 26, 1953, the board filed what it designated a " Supplemental Memorandum of Decision " and a " Notice of Board Decision ", whereby it determined that the attorney's fee previously allowed was reasonable and adequate but that the attorney be reimbursed from the award for the cost of the record in the County Court proceeding. By notice of appeal dated March 30, 1953, claimant appealed to this court from the " notice of decision and award dated and filed the 10th day of December, 1952, and from the supplemental notice of decision and award dated the 26th day of March, 1953 ". A preliminary issue arises upon the respondents' contention that the notice of appeal was not timely, having been served more than thirty days after notice of the board decision of December 10, 1952, although but four days after that of March 26, 1953. We find unsound the respondents' contention, ignoring, as it does, the " broad power of modification " conferred upon the board by section 123. (*Matter of McSweeney* v. *Hammerlund Mfg. Co.,* 275 App. Div. 447, 449.) The provision for attorney's fees, constituting a lien upon, and to be paid from the award, was an integral part of the decision and award. The application by the attorney's affidavit, however worded, was therefore directed to a modification of the decision and award, the board properly gave it that effect and the appeal from the modified decision and award was timely. Proceeding to an examination of the merits, we hold that the sum of $1,500 recovered pursuant to section 205 of the General Municipal Law was properly credited against the award by virtue of group 17 of subdivision 1 of section 3 of the Workmen's Compensation Law, providing, in part, " but the benefits payable to volunteer firemen under this chapter shall be only so much as the regular benefits hereunder shall exceed the benefits payable under section two hundred five of the general municipal law ". This provision has survived amendments to the Workmen's Compensation Law and the General Municipal Law applicable to benefits for volunteer firemen and the language quoted seems to us so clear and unambiguous as to negate appellant's theory of a legislative intent that benefits under the General Municipal Law shall be independent of, and additional to those provided by the Workmen's Compensation Law, and as in the nature of munificences expressive of the community's gratitude for the services rendered gratuitously by volunteer firemen and for the risks to which they are exposed. Neither do we find in the language of the statute support for appellant's contention that in any event there should not be deducted from the award more than the net recovery remaining after payment of the expenses of the litigation which in this particular

case was necessary to enforce recovery. Award unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.